COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


WILLIAM HARRIS

v.   Record No. 1146-97-2                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
NEWINGTON SERVICES, INC.                     SEPTEMBER 2, 1997
AND
LIBERTY INSURANCE CORPORATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (William Harris, pro se, on brief).

                (Roger L. Williams; Vasiliki Moudilos;
                Williams & Lynch, on brief), for appellees.



        William Harris contends that the Workers' Compensation

Commission erred in finding that he failed to prove he sustained

an injury by accident arising out of and in the course of his

employment on August 16, 1996.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [the] burden of proving an 'injury by accident,' a

claimant must prove the cause of [the] injury was an identifiable

incident or sudden precipitating event and that it resulted in an

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

obvious sudden mechanical or structural change in the body."

Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (citations omitted). Unless we can say as a matter of law that Harris' evidence sustained his burden of proof, the commission's finding is binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that Harris did not prove that he fell ten feet off a scaffolding on August 16, 1996. As the basis for its decision, the commission made the following factual findings:

> On August 19, 1996, [Harris] saw Dr. Jeffrey K. Wilson, an orthopedist. Dr. Wilson diagnosed a left shoulder capsular strain. Dr. Wilson noted a lack of cooperation during the exam, as well as during an examination on August 26, 1996. On September 18, Dr. Wilson released [Harris] to full duty. Dr. Wilson was contacted by the employer and was advised that the incident was disputed. On October 15, 1996, Dr. Wilson wrote that he had not found any objective signs or symptoms that a fall had actually occurred.

> At the hearing, six employer witnesses contradicted [Harris'] testimony regarding his whereabouts and the work he was performing on August 16, 1996, and it was reported that [Harris] was fired before the alleged incident occurred.

The commission affirmed the deputy commissioner's determination that Harris was not credible.

2

As fact finder, the commission was entitled to accept the testimony of employer's witnesses and to reject Harris' testimony that an accident occurred. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Furthermore, the commission could infer from Dr. Wilson's medical records that Harris' evidence did not prove he suffered a fall on August 16, 1996. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Accordingly, we cannot say as a matter of law that Harris' evidence met his burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.